IN THE UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARD ACTIVATION TECHNOLOGIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. |
| v. ) | |
| ) | |
| 7-ELEVEN, INC.; ) | JURY DEMANDED |
| GIORGIO ARMANI CORPORATION; ) | |
| CACHÉ INC.; DENNY'S CORPORATION; ) | |
| RADIOSHACK CORPORATION; ) | |
| SUNGLASS HUT TRADING, LLC; and ) | |
| BROWN GROUP RETAIL, INC. d/b/a ) | |
| FAMOUS FOOTWEAR, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

NOW COMES the Plaintiff, CARD ACTIVATION TECHNOLOGIES, INC. ("CAT"), through its attorneys, Keith H. Orum and Mark D. Roth of ORUM & ROTH, LLC, and for its Complaint for Patent Infringement against the Defendants, 7-ELEVEN, INC. ("7-Eleven"); GIORGIO ARMANI CORPORATION ("Armani") ;CACHÉ, INC ("Cache"); DENNY'S CORPORATION ("Denny's"); RADIOSHACK CORPORATION ("RadioShack"); SUNGLASS HUT TRADING, LLC ("Sunglass Hut"); and BROWN GROUP RETAIL, INC. d/b/a FAMOUS FOOTWEAR, states:

### Jurisdiction

1. This is a civil action for patent infringement, injunctive relief and damages arising under the United States Patent Act, 35 U.S.C. § 1, *et. seq*. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a). 7-Eleven is a Texas corporation with its principal place of business in Dallas, Texas. 7-Eleven does significant business in Chicago, Illinois. Armani is a New York corporation with its principal place of business

in New York, New York. Armani does significant business in Chicago, Illinois. Cache is a Florida corporation with its principal place of business in New York, New York. Cache does significant business in Chicago, Illinois. Denny's is a Delaware corporation with its principal place of business in Spartanburg, South Carolina. Denny's does significant business in Chicago, Illinois. RadioShack is a Delaware corporation with its principal place of business in Fort Worth, Texas. RadioShack does significant business in Chicago, Illinois. Sunglass Hut is a Delaware limited liability company with its principal place of business in Cincinnati, Ohio. Sunglass Hut does significant business in Chicago, Illinois. Brown Group Retail, Inc. d/b/a Famous Footwear ("Famous Footwear") is a Pennsylvania corporation with its principal place of business in St. Louis, Missouri. Famous Footwear does significant business in Chicago, Illinois. Defendants are subject to personal jurisdiction in this Court and are amenable to service of process pursuant to Illinois's Long-Arm Statute and Rule 4(e) of the Federal Rules of Civil Procedure.

2. Venue lies in this District pursuant to 28 U.S.C. §§ 1391(b) & (c), and 1400(b).

**Parties**

3. CAT is a Delaware corporation with its principal place of business in Las Vegas, Nevada and an office in Chicago, Illinois.

4. CAT is the owner of United States Patent No. 6,032,859 entitled "Method for Processing Debit Purchase Transactions Using a Counter-Top Terminal System," issued on March 7, 2000 ("'859 Patent") and which is a valid and enforceable patent.

5. 7-Eleven establishments are known as convenience stores or food marts (except those with fuel pumps) primarily engaged in retailing a limited line of goods that generally includes coffee, milk, bread, soda, and snacks in the United States and specifically in the Chicagoland area.

6. Armani is the American arm of Italian fashion house Giorgio Armani S.p.A. The U.S. operation makes and retails upscale apparel for men, women, juniors, and babies. It boasts a retail network of about 50 Armani Exchange stores, a dozen Giorgio Armani boutiques, and a pair each of Armani/Casa and Armani/Café outlets. Armani also operates approximately 12 Emporio Armani shops in the United States and specifically in the Chicagoland area.

7. Cache is primarily engaged in the retail sale of a general line of women's ready-to-wear clothing. This business also includes establishments primarily engaged in the specialized retail sale of women's coats, suits, and dresses in the United States and specifically in the Chicagoland area.

8. Denny's is primarily engaged in the retail sale of prepared food and drinks for on-premise or immediate consumption in the United States and specifically in the Chicagoland area.

9. RadioShack is primarily engaged in the retail sale of radios, television sets, record players, stereo equipment, sound reproducing equipment, and other consumer audio and video electronics equipment in the United States and specifically in the Chicagoland area.

10. Sunglass Hut is primarily engaged in the retail sale of specialty sunglasses and accessories for sunglasses in the United States and specifically in the Chicagoland area.

11. Famous Footwear is primarily engaged in the retail sale of consumer-driven footwear in the United States and specifically in the Chicagoland area.

**Count I
Infringement:
<u>7-Eleven</u>**

12. CAT realleges and reasserts the foregoing paragraphs as if fully set forth herein.

13. 7-Eleven maintains a method for processing gift cards and adding value to gift cards that directly infringes the '859 patent.

14. In the alternative, 7-Eleven contributorily infringes the patent. 7-Eleven compiles all of the pieces necessary to infringe the '859 Patent, knowing about the '859 Patent and the claimed infringement. Further, 7-Eleven sells gift cards specifically designed to be used in a manner that infringes the '859 Patent.

15. In the alternative, 7-Eleven induces infringement of the '859 Patent. 7-Eleven actively induces infringement because it knows or should know of the infringement, and yet continues to promote and sell its gift cards, with the intent of causing direct infringement.

16. 7-Eleven has been aware of the '859 Patent and that the method employed by 7-Eleven infringes the '859 Patent since at least February 2007. 7-Eleven's infringement is therefore willful. Specifically, 7-Eleven was made aware of the patent and its infringement in a letter dated February 27, 2007, and again in a letter sent on January 8, 2009.

### Count II
### Infringement:
### Armani

17. CAT realleges and reasserts the foregoing paragraphs as if fully set forth herein.

18. Armani maintains a method for processing gift cards and adding value to gift cards that directly infringes the '859 patent.

19. In the alternative, Armani contributorily infringes the patent. Armani compiles all of the pieces necessary to infringe the '859 Patent, knowing about the '859 Patent and the claimed infringement. Further, Armani sells gift cards specifically designed to be used in a manner that infringes the '859 Patent.

20. In the alternative, Armani induces infringement of the '859 Patent. Armani actively induces infringement because it knows or should know of the infringement, and yet continues to promote and sell its gift cards, with the intent of causing direct infringement.

21. Armani has been aware of the '859 Patent and that the method employed by Armani infringes the '859 Patent since at least January 2009. Armani's infringement is therefore willful. Specifically, Armani was made aware of the patent and its infringement in a letter dated January 7, 2009, and again in letters sent May 5, 2009 and June 29, 2009.

**Count III**
**Infringement:**
**Caché**

22. CAT realleges and reasserts the foregoing paragraphs as if fully set forth herein.

23. Caché maintains a method for processing gift cards and adding value to gift cards that directly infringes the '859 patent.

24. In the alternative, Caché contributorily infringes the patent. Caché compiles all of the pieces necessary to infringe the '859 Patent, knowing about the '859 Patent and the claimed infringement. Further, Caché sells gift cards specifically designed to be used in a manner that infringes the '859 Patent.

25. In the alternative, Caché induces infringement of the '859 Patent. Caché actively induces infringement because it knows or should know of the infringement, and yet continues to promote and sell its gift cards, with the intent of causing direct infringement.

26. Caché has been aware of the '859 Patent and that the method employed by Caché infringes the '859 Patent since at least March 2008. Caché's infringement is therefore willful. Specifically, Caché was made aware of the patent and its infringement in a letter dated March 5, 2008, and again in a letter sent on January 14, 2009. Caché's law firm acknowledged receipt of CAT's correspondence in a letter dated February 23, 2009. Caché was once again made aware of the patent and claimed infringement in a letter dated May 14, 2009.

## Count IV
## Infringement:
## Denny's

27. CAT realleges and reasserts the foregoing paragraphs as if fully set forth herein.

28. Denny's maintains a method for processing gift cards and adding value to gift cards that directly infringes the '859 patent.

29. In the alternative, Denny's contributorily infringes the patent. Denny's compiles all of the pieces necessary to infringe the '859 Patent, knowing about the '859 Patent and the claimed infringement. Further, Denny's sells gift cards specifically designed to be used in a manner that infringes the '859 Patent.

30. In the alternative, Denny's induces infringement of the '859 Patent. Denny's actively induces infringement because it knows or should know of the infringement, and yet continues to promote and sell its gift cards, with the intent of causing direct infringement.

31. Denny's has been aware of the '859 Patent and that the method employed by Denny's infringes the '859 Patent since at least December 2008. Denny's infringement is therefore willful. Specifically, Denny's was made aware of the patent and its infringement in a letter dated December 15, 2008. Denny's law firm acknowledged CAT's correspondence in a letter dated December 23, 2008.

## Count V
## Infringement:
## RadioShack

32. CAT realleges and reasserts the foregoing paragraphs as if fully set forth herein.

33. RadioShack maintains a method for processing gift cards and adding value to gift cards that directly infringes the '859 patent.

34. In the alternative, RadioShack contributorily infringes the patent. RadioShack compiles all of the pieces necessary to infringe the '859 Patent, knowing about the '859 Patent and

6

the claimed infringement. Further, RadioShack sells gift cards specifically designed to be used in a manner that infringes the '859 Patent.

35. In the alternative, RadioShack induces infringement of the '859 Patent. RadioShack actively induces infringement because it knows or should know of the infringement, and yet continues to promote and sell its gift cards, with the intent of causing direct infringement.

36. RadioShack has been aware of the '859 Patent and that the method employed by RadioShack infringes the '859 Patent since at least February 2007. RadioShack's infringement is therefore willful. Specifically, RadioShack was made aware of the patent and its infringement in a letter dated February 7, 2007, and again in a letter sent on January 15, 2009. RadioShack's law firm acknowledged CAT's correspondence in a letter dated February 19, 2009.

## Count VI
## Infringement:
## Sunglass Hut

37. CAT realleges and reasserts the foregoing paragraphs as if fully set forth herein.

38. Sunglass Hut maintains a method for processing gift cards and adding value to gift cards that directly infringes the '859 patent.

39. In the alternative, Sunglass Hut contributorily infringes the patent. Sunglass Hut compiles all of the pieces necessary to infringe the '859 Patent, knowing about the '859 Patent and the claimed infringement. Further, Sunglass Hut sells gift cards specifically designed to be used in a manner that infringes the '859 Patent.

40. In the alternative, Sunglass Hut induces infringement of the '859 Patent. Sunglass Hut actively induces infringement because it knows or should know of the infringement, and yet continues to promote and sell its gift cards, with the intent of causing direct infringement.

41. Sunglass Hut has been aware of the '859 Patent and that the method employed by Sunglass Hut infringes the '859 Patent since at least October, 2005. Sunglass Hut's infringement is therefore willful. Specifically, Sunglass Hut was made aware of the patent and its infringement in a letter dated October 11, 2005, and again in a letter sent on November 21, 2006.

### Count VII
### Infringement:
### Famous Footwear

42. CAT realleges and reasserts the foregoing paragraphs as if fully set forth herein.

43. Famous Footwear maintains a method for processing gift cards and adding value to gift cards that directly infringes the '859 patent.

44. In the alternative, Famous Footwear contributorily infringes the patent. Famous Footwear compiles all of the pieces necessary to infringe the '859 Patent, knowing about the '859 Patent and the claimed infringement. Further, Famous Footwear sells gift cards specifically designed to be used in a manner that infringes the '859 Patent.

45. In the alternative, Famous Footwear induces infringement of the '859 Patent. Famous Footwear actively induces infringement because it knows or should know of the infringement, and yet continues to promote and sell its gift cards, with the intent of causing direct infringement.

46. Famous Footwear has been aware of the '859 Patent and that the method employed by Famous Footwear infringes the '859 Patent since at least December, 2008. Famous Footwear's infringement is therefore willful. Specifically, Famous Footwear was made aware of the patent and its infringement in a letter dated December 23, 2008, and again in a letter sent on January 23, 2009.

## **Prayer for Relief**

WHEREFORE, CAT prays that judgment be entered against the Defendants, 7-Eleven, Armani, Cache, Denny's, RadioShack, Sunglass Hut, and Famous Footwear, and requests the following relief:

a. That the Defendants be held to have infringed the 859 Patent;

b. That the Defendants and their subsidiaries, affiliates, franchisees, successors, assigns, officers, agents, servants, employees, customers, attorneys and all persons acting in concert and participation with them or any of them, be temporarily and preliminarily enjoined during the pendency of this action, and subsequently permanently enjoined, from directly infringing, contributing to the infringement of and inducing infringement of the '859 Patent without express written authority of CAT.

c. That the Defendants be directed to fully compensate CAT for any and all damages attributable to Defendants' infringement of the '859 Patent in an amount to be proven at trial;

d. That this case be deemed exceptional;

e. That any damage award be trebled;

f. That CAT be awarded its reasonable attorney's fees;

g. That CAT be awarded costs of suit and an assessment of interest; and

h. That CAT has such other, further and different relief as this Court deems proper under the circumstances.

Respectfully submitted,

/Mark D. Roth/

Attorney for Plaintiff

Keith H. Orum
Mark D. Roth
ORUM & ROTH, LLC
53 W. Jackson Blvd.
Suite 620
Chicago, Illinois 60604
312.922.6262