**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| CARD ACTIVATION TECHNOLOGIES, INC., | ) ) ) | |
| Plaintiff, | ) ) | 1:10-cv-4984 |
| | ) | Honorable John W. Darrah |
| v. | ) ) | |
| 7-ELEVEN, INC.; GIORGIO ARMANI CORPORATION; CACHE INC; DENNY'S CORPORATION; SUNGLASS HUT TRADING, LLC; and BROWN RETAIL GROUP, INC. d/b/a FAMOUS FOOTWEAR, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## CACHÉ, INC. AND DENNY'S CORPORATION'S MOTION TO STAY

Alan M. Fisch
*alan.fisch@kayescholer.com*
KAYE SCHOLER LLP
The McPherson Building
901 Fifteenth Street, NW
Washington, DC 20005-2327
(202) 682-3500 telephone
(202) 682-3580 facsimile

Robert M. Spalding
*robert.spalding@kayescholer.com*
KAYE SCHOLER LLP
Three First National Plaza
70 West Madison Street, Suite 4100
Chicago, Illinois 60602-4231
(312) 583-2300 telephone
(312) 583-2360 facsimile

November 24, 2010

Attorneys for:
CACHÉ, INC.
DENNY'S CORPORATION

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................................1

FACTUAL BACKGROUND .....................................................................................................2

      A.     CAT's Lawsuit Against SVS's Customers Denny's and Caché.............................2

      B.     SVS's Lawsuit Against CAT in Delaware Is Nearing Completion ........................2

      C.     The Reexamination of the '859 Patent...................................................................3

      D.     This Court Has Stayed Five Other CAT Lawsuits Against Retailers .....................4

ARGUMENT ...............................................................................................................................6

I.      LEGAL STANDARDS .....................................................................................................6

      A.     Standard for Entry of Stay ......................................................................................6

II.      THIS COURT SHOULD EXERCISE ITS INHERENT POWER TO STAY THIS CASE PENDING THE OUTCOME OF THE DELAWARE CASE.................................6

      A.     A Stay Pending the Outcome of the Delaware Case Is Appropriate Under the First-to-File Rule ............................................................................................6

      B.     A Stay Pending the Outcome of the Delaware Case Is Appropriate Under the Principles of the Customer Suit Exception ......................................................8

      C.     Entry of a Stay Pending the Delaware Case Will Not Unduly Prejudice or Tactically Disadvantage CAT, Entry of a Stay Will Reduce the Burden of Litigation on the Parties and on the Court, and Entry of a Stay Will Simplify the Issues in Question and Streamline Trial ............................................9

III.      THIS COURT SHOULD EXERCISE ITS INHERENT POWER TO STAY THIS CASE PENDING THE OUTCOME OF THE REEXAMINATION OF THE '859 PATENT ...................................................................................................................11

      A.     Federal Circuit Authority and Authority from this Court Encourage the Granting of Stays Pending Reexamination ..........................................................11

      B.     The Reexaminations Will Streamline the Issues and Reduce the Burden on the Parties and Court ......................................................................................12

      C.     A Stay Pending the Outcome of the Reexamination is Appropriate at this Early Stage of the Case ........................................................................................13

        D.      A Stay Pending the Outcome of the Reexamination Will Not Prejudice
               CAT...................................................................................................................14

CONCLUSION........................................................................................................................15

# TABLE OF AUTHORITIES

## CASES

*Arrivalstar S.S. v. Canadian Nat'l Railway Co.*,
 No. 08-cv-1086, 2008 WL 2940807 (N.D. Ill. July 25, 2008) ............................ 13, 14, 15

*ASCII Corp. v. STD Entm't USA, Inc.*,
 844 F. Supp. 1378 (N.D. Cal. 1994) ........................................................................... 12

*Baxter Int'l, Inc. v. Fresenius Med. Care Holdings, Inc.*,
 No. 08-cv-2389, 2008 WL 4395854 (N.D. Ill. Sept. 25, 2008)...................................... 14

*Blonder-Tongue Labs., Inc. v. Univ. of Illinois Found.*,
 402 U.S. 313 (1971)....................................................................................................... 10

*Emhart Indus. v. Sankyo Seiki Mfg. Co.*,
 3 U.S.P.Q. 2d 1889 (N.D. Ill. 1987) .............................................................................. 14

*Fellowes, Inc. v. Aurora Corp.*,
 No. 07-cv-7237, 2009 WL 330085, (N.D. Ill. Feb. 10, 2009)........................................ 12

*Gassaway v. Business Mach. Sec.*,
 No. 88-cv-00869, 1988 WL 1091946  (C.D. Cal. May 3, 1988)....................................... 9

*Ingro v. Tyco Indus, Inc.*,
 No. 84-cv-10844, 1985 WL 1649 (N.D. Ill. May 31, 1985)............................................ 11

*Katz v. Lear Siegler, Inc.*,
 909 F.2d 1459 (Fed. Cir. 1990)..................................................................................... 8, 9

*Landis v. N. Am. Co.*,
 299 U.S. 248 (1936)........................................................................................................... 6

*Leviton Mfg. Co. v. Interline Brands, Inc.*,
 No. 3:05-cv-123, 2006 U.S. Dist. LEXIS 61944 (M.D. Fla. Aug. 30, 2006)................ 7, 8

*Patlex Corp. v. Mossinghoff*,
 758 F.2d 594 (Fed. Cir. 1985).................................................................................... 12, 15

*Pfizer, Inc. v. Apotex, Inc.*,
 No. 08-cv-7231, 2009 WL 1657572 (N.D. Ill. June 12, 2009)......................................... 6

*Portfolio Techs., Inc. v. Intellx Inc.*,
 No. 1:05-cv-159, 2005 U.S. Dist. LEXIS 42469 (W.D. Mich. May 19, 2005)................. 7

*Proctor & Gamble Co. v. Kraft Foods Global, Inc.*,
 549 F.3d 842 (Fed. Cir. 2008)........................................................................................ 12

*Sun-Flex Co. v. Softview Computer Prods. Corp.*,
  No. 89-cv-296, 1989 WL 117976 (N.D. Ill. Sept. 27, 1989) ............................................. 14

*T. J. Smith & Nephew, Ltd.*,
  No. 86-cv-5461, 1987 WL 7496 (N. D. Ill. Feb. 27, 1987) ................................................. 10

*Tap Pharm. Prods., Inc. v. Atrix Labs., Inc.*,
  No. 03-cv-7822, 2004 WL 422697 (N.D. Ill. Mar. 3, 2004) ............................................... 6

*Tegic Commc'ns Corp. v. Board of Regents of Univ. of Tex. Sys.*,
  458 F.3d 1335 (Fed. Cir. 2006).................................................................................. 8, 9

*Ultra Prods., Inc. v. Best Buy Co., Inc.*,
  No. 09-cv-1095, 2009 WL 2843888 (D.N.J. Sept. 1, 2009) ............................................... 9

*Watlow Elec. Mfg. Co. v. Ogden Mfg. Co.*,
  No. 4:05-cv-2094, 2006 U.S. Dist. LEXIS 46431 (E.D. Mo. July 10, 2006) ................... 13

*Wolf Designs, Inc. v. Donald McEvoy Ltd.*,
  341 F. Supp. 2d 639 (N.D. Tex. 2004) ............................................................................ 7

Caché, Inc. ("Caché") and Denny's Corporation ("Denny's") respectfully move to stay this matter.

## PRELIMINARY STATEMENT

Judges St. Eve, Gottschall, Lefkow, and Lindberg have stayed other cases brought by Plaintiff Card Activation Technologies, Inc. ("CAT") for infringement of the patent-in-suit, United States Patent No. 6,032,859 ("the '859 patent"), pending the outcome of a related case in Delaware and/or reexamination proceedings at the Patent Office. Defendants ask the Court to follow the lead of these judges and stay this case pending the outcome of the Delaware case and the reexamination proceedings. The facts and circumstances here warrant a stay pending the outcome of both proceedings.

In Delaware, trial is set to begin in April 2011 in Stored Value Solutions, Inc.'s ("SVS") declaratory judgment action seeking to invalidate all 38 claims of the '859 patent over 16 prior art references. A stay pending the outcome of this related case in Delaware is appropriate under both the first-to-file rule and the principles underlying the "customer suit exception," as both Caché and Denny's are SVS customers. Indeed, the collateral estoppel effect of a judgment of invalidity in Delaware would moot this case entirely.

At the Patent Office, after being forced to amend over a dozen claims in one completed reexamination proceeding, CAT is now facing two other reexaminations relying upon no less than 19 invalidating prior art references. A stay pending the outcome of these reexaminations would be ideal at this early stage of the case, as nothing of substance has occurred yet. A stay also makes sense because the Patent Office's statistics indicate that there is a 77% chance that the asserted claims of the patent will be cancelled or amended. Given the overwhelming likelihood that the claims will at least change, engaging in discovery, claim construction, summary judgment briefing, and trial here based on the current set of claims would unnecessarily waste judicial and party resources.

## FACTUAL BACKGROUND

### A.    CAT's Lawsuit Against SVS's Customers Denny's and Caché

CAT filed suit against SVS's customers Caché and Denny's on August 9, 2010, accusing each of infringing the '859 Patent.[1]  More specifically, the complaint accuses Caché's and Denny's methods for processing gift cards and adding value to gift cards of infringing the '859 patent.[2]

SVS is the exclusive provider of Caché's and Denny's gift cards and SVS is the exclusive provider of processing for Caché's and Denny's gift cards.[3]  SVS manufactures these gift cards, which are subsequently sold by Caché and Denny's to consumers in their stores.

### B.    SVS's Lawsuit Against CAT in Delaware Is Nearing Completion

On July 8, 2009, SVS filed a declaratory judgment action against CAT in the United States District Court for the District of Delaware ("the Delaware Case").[4]  SVS is a leading provider of gift cards and gift card processing services.  CAT had threatened to sue and sued numerous SVS customers, and SVS initiated the Delaware Case in an effort to end CAT's harassment of these customers.[5]

In the Delaware Case, SVS seeks a declaratory judgment that the entire '859 Patent is invalid.[6]  SVS's technical expert in the Delaware Case has opined that all 38 claims of the '859

---

[1] Docket No. 1, Complaint.

[2] *Id.* at ¶¶ 23-25, 28-30.

[3] Exhibit 1, Declaration of Margaret Feeney at ¶ 3; Exhibit 2, Declaration of Timothy G. Seiber at ¶ 3.

[4] Docket No. 1, Complaint for Declaratory Judgment in *Stored Value Solutions, Inc. v. Card Activation Technologies, Inc.*, No. 1:09-cv-495-JJF (D. Del.).

[5] *Id.*

[6] *Id.*

patent are invalid as anticipated and/or obvious over no less than sixteen prior art references.[7]

The Delaware Case is moving to completion. On June 3, 2010, the court entered its claim construction order.[8] Expert discovery is set to close on November 30, 2010, with summary judgment briefing set to begin December 17, 2010.[9] Trial is set to begin April 18, 2011.[10]

### C.  The Reexamination of the '859 Patent

The '859 patent is the subject of two reexamination proceedings at the Patent Office. In one of these proceedings, the Patent Office has already found a "substantial new question of patentability" as to the claims that CAT will assert here.

Reexamination No. 90/011,004 ("the '004 Reexamination") was filed on October 1, 2010, and seeks the cancellation of claims 1-3, 5-14, 16-20, 22, 24-31, 33, and 35-38 of the '859 patent.[11] The '004 Reexamination relies upon five prior art references, four of which differ from those being asserted in the '146 Reexamination, that render these claims obvious.[12] On November 9, 2010, the Patent Office granted the '004 request for reexamination, finding that there was "a substantial new question of patentability" as to claims 1-3, 5-14, 16-20, 22, 24-31, 33, and 35-38 of the '859 patent.[13] CAT's complaint here does not identify the asserted claims; however, CAT has consistently asserted claims 1, 5, 10, and 16 in other cases it has brought

---

[7] *See* Exhibit 3, Expert Report of L. Breitzke. Fifteen of these sixteen prior art references are also relied upon in the '146 Reexamination.

[8] *See* Docket No. 64, Order in *Stored Value Solutions, Inc. v. Card Activation Technologies, Inc.*, No. 1:09-cv-495-JJF (D. Del.).

[9] *See* Docket No. 92, Scheduling Order in *Stored Value Solutions, Inc. v. Card Activation Technologies, Inc.*, No. 1:09-cv-495-JJF (D. Del.).

[10] *Id.*

[11] *See* Exhibit 4, Order Granting '004 Reexamination Request.

[12] *See id.* at 2.

[13] *Id.* at 5.

against retailers. And the only claims that are not under reexamination — claims 4, 15, 23, and 34 — relate to phone cards, which CAT has not accused of infringing the '859 patent here. Accordingly, the claims that will be asserted here are already under reexamination.

Reexamination No. 90/011,146 ("the '146 Reexamination") was filed on August 30, 2010, and seeks the cancellation of all 38 claims of the '859 patent.[14] The '146 Reexamination relies upon 15 prior art references that anticipate and/or render obvious these claims.[15]

In addition to the '004 and '146 Reexaminations, the '859 patent was the subject of a recently-concluded reexamination at the Patent Office — Reexamination No. 90/009,459 ("the '459 Reexamination").[16] The '459 Reexamination involved only claims 20-22, 25-33, and 36-38, and the party that requested the reexamination only sought reexamination of these claims against a single prior art reference.[17] The Patent Office rejected claims 20, 22, 25-31, 33, and 36-38 as invalid.[18] CAT responded by cancelling claims 21 and 32 and amending claims 20, 22, 25-31, 33, and 36-38 in order to avoid having them canceled.[19]

### D.     This Court Has Stayed Five Other CAT Lawsuits Against Retailers

Before filing this case, CAT had filed sixteen cases against other retailers for infringement of the '859 Patent in this court. Ten of these cases were resolved via early settlement. Of the remaining six cases, five have been stayed pending the outcome of the Delaware Case and/or reexamination proceedings at the Patent Office, including:

---

[14] *See* Exhibit 5, '146 Reexamination Request.

[15] *See id.*

[16] *See* Exhibit 6, Office Action in '459 Reexamination.

[17] *Id.* This reference is not being relied upon in the Delaware Case or the '146 Reexamination.

[18] *Id.*

[19] *See* Exhibit 7, Response to Final Office Action in '459 Reexamination.

| Defendant(s) | Judge | N.D. Ill. Docket No. | Date Stayed | Basis |
|---|---|---|---|---|
| Pier 1 Imports, Inc. | St. Eve | 1:09-cv-2021 | 9/14/2009 | Pending resolution of the Delaware Case[20] |
| Chico's Inc. | Lefkow | 1:09-cv-3199 | 10/8/2009 | Pending resolution of Reexamination No. 90/009,459[21] |
| Bebe Stores, Inc. | Gottschall | 1:09-cv-0406 | 11/20/2009 | Pending resolution of Reexamination No. 90/009,459[22] |
| Costco Wholesale Corp. | Lindberg | 1:09-cv-3201 | 2/17/2010 | Pending resolution of the Delaware Case[23] |
| Barnes & Noble, Inc. Aeropostale, Inc. | Gottschall | 1:07-cv-1230 | 4/22/2010 | Pending resolution of the Delaware Case and Reexamination No. 90/009,459[24] |

---

[20] Exhibit 8, Order Granting Motion to Stay in *Card Activation Technologies, Inc. v. Pier 1 Imports, Inc.*, No. 1:09-cv-2021 (N.D. Ill.).

[21] Exhibit 9, Transcript in *Card Activation Technologies, Inc. v. Chico's, Inc.*, No. 1:09-cv-3199 (N.D. Ill.).

[22] Exhibit 10, Order Granting Motion to Stay in *Card Activation Technologies, Inc. v. Bebe Stores, Inc.*, No. 1:09-cv-406 (N.D. Ill.).

[23] Exhibit 11, Order Granting Motion to Stay in *Card Activation Technologies, Inc. v. Costco Wholesale Corp.*, No. 1:09-cv-3201 (N.D. Ill.).

[24] Exhibit 12, Order Granting Motion to Stay in *Card Activation Technologies, Inc. v. Barnes & Noble, Inc., et al.*, No. 1:07-cv-1230 (N.D. Ill.). Defendants note that in CAT's infringement action against Toys "R" Us — Delaware, Inc., the undersigned counsel brought a motion to stay pending resolution of the Delaware case on behalf of Toys "R" Us — Delaware, Inc. Before hearing any argument on the motion or receiving an opposition from CAT, Judge Conlon denied the motion to stay in a one-sentence order. Docket No. 27, Order Denying Motion to Stay in *Card Activation Technologies, Inc. v. Toys "R" Us — Delaware, Inc.*, No. 1:09-cv-2020 (N.D. Ill.). This case was subsequently dismissed.

**ARGUMENT**

I.       **LEGAL STANDARDS**

     A.       **Standard for Entry of Stay**

A district court has the inherent power to stay proceedings in the interest of "economy of time and effort for itself, for counsel, and for litigants."[25]  In determining whether to exercise this inherent power, a court will consider the following factors: "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court."[26]

II.       **THIS COURT SHOULD EXERCISE ITS INHERENT POWER TO STAY THIS CASE PENDING THE OUTCOME OF THE DELAWARE CASE**

As this court found in staying CAT's cases against Pier 1 Imports, Inc., Costco Wholesale Corp., and Barnes & Noble, Inc. and Aeropostale Inc., the Court should stay the case pending the outcome of the related Delaware Case in order to avoid the duplication of effort by two district courts and conserve the resources of the Court and parties.  Indeed, it would be particularly appropriate to stay this case because SVS filed the Delaware Case over one year before CAT brought this action and both Caché and Denny's are SVS customers.

     A.       **A Stay Pending the Outcome of the Delaware Case Is Appropriate Under the First-to-File Rule**

To avoid duplicating the efforts of the Delaware court and conserve the resources of the Court and parties, the Court should stay this case pending the outcome in Delaware.  Entering a stay pending the outcome of this related litigation is appropriate under the first-to-file rule.

---

[25] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

[26] *Pfizer, Inc. v. Apotex, Inc.*, No. 08-cv-7231, 2009 WL 1657572, at *1 (N.D. Ill. June 12, 2009) (Dow, J.); *see also Tap Pharm. Prods., Inc. v. Atrix Labs., Inc.*, No. 03-cv-7822, 2004 WL 422697, at *1 (N.D. Ill. Mar. 3, 2004) (Zagel, J.); Exhibit 10, Order Granting Motion to Stay in *Card Activation Technologies, Inc. v. Bebe Stores, Inc.*, No. 1:09-cv-406 (N.D. Ill.) (Gottschall, J.).

"When related cases are pending in two federal courts, there is an inherent power in each of those courts . . . to stay the proceedings before it in deference to the related action."[27] Pursuant to the first-to-file rule, when "similar cases" are filed, "preference is given, either in the form of stays, or injunctions, to the suit filed first in time."[28]  In determining whether to stay the second filed case, the "crucial inquiry is one of substantial overlap of the issues; however, the issues presented need not be identical."[29]  Where the issues are shown to be duplicative, "the general rule is that the later-filed action defer to the prior-filed one."[30]  Courts enforce the first filed rule, *inter alia*, to preserve judicial resources and prevent duplicative expenses.[31]

The Delaware Case is similar to this case in that it involves the same patent and at least some of the same parties.  CAT is a party in both cases, and two of the named defendants here — Caché and Denny's  — are SVS customers.[32]

The issues in the Delaware Case will substantially overlap with the issues here, as well. The construction of the claims and the validity of the '859 patent have been the two major issues in Delaware, and will also be major issues in this case.

---

[27] *Wolf Designs, Inc. v. Donald McEvoy Ltd.*, 341 F. Supp. 2d 639, 642 (N.D. Tex. 2004) (staying case pending outcome of first-filed suit in California); *see  also Portfolio Techs., Inc. v. Intellx Inc.*, No. 1:05-cv-159, 2005 U.S. Dist. LEXIS 42469, at *9 (W.D. Mich. May 19, 2005) ("a first-to-file rule has developed permitting a district court to transfer, stay, or dismiss a later-filed action when a similar complaint has already been filed in another federal court") (internal citation omitted).

[28] *Leviton Mfg. Co. v. Interline Brands, Inc.*, No. 3:05-cv-123, 2006 U.S. Dist. LEXIS 61944, at *6 (M.D. Fla. Aug. 30, 2006) (staying case pending outcome of first-filed suits in New Mexico).

[29] *Wolf Designs, Inc.*, 341 F. Supp. 2d at 643 (internal citation omitted); *Portfolio Techs., Inc.*, 2005 U.S. Dist. LEXIS 42469, at *10 (staying case pending outcome of first-filed actions in New Jersey).

[30] *Wolf Designs, Inc.*, 341 F. Supp. 2d at 643; *Portfolio Techs., Inc.*, 2005 U.S. Dist. LEXIS 42469, at *10.

[31] *Leviton Mfg. Co.*, 2006 U.S. Dist. LEXIS 61944, at *5.

[32] Notably, "the presence of identical defendants in two concurrent federal actions is not a requirement to demonstrate duplication of the facts and issues."  *See Wolf Designs, Inc.*, 341 F. Supp. 2d at 643-44; *Portfolio Techs., Inc.*, 2005 U.S. Dist. LEXIS 42469, at *10.

Given these circumstances, and the fact that the Delaware Case was filed eight months before this case, the first-to-file rule renders a stay appropriate here. And a stay makes perfect sense at this juncture in the case. This case is only in the initial stages, while the Delaware Case is nearing completion, with summary judgment briefs due December 17, 2010, and trial set to begin April 18, 2011. Awaiting the outcome of the Delaware Case is the most efficient course, as the collateral estoppel effect of an invalidity judgment in the Delaware Case would render this case moot.[33]

### B. A Stay Pending the Outcome of the Delaware Case Is Appropriate Under the Principles of the Customer Suit Exception

As in CAT's cases against SVS customers Pier 1 Imports, Inc., Costco Wholesale Corporation, and Barnes & Noble, Inc., this case, which involves two other SVS customers, Caché and Denny's, should be stayed pending the outcome of the Delaware Case based on the principles of the customer suit exception.

The Federal Circuit has established a customer suit exception to the first-to-file rule such that "litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer."[34] This is because "the manufacturer is the true defendant in the customer suit . . . it is a simple fact of life that a manufacturer must protect its customers, either as a matter of contract, or good business, or in

---

[33] *See* Exhibit 8, Order Granting Motion to Stay in *Card Activation Technologies, Inc. v. Pier 1 Imports, Inc.*, No. 1:09-cv-2021 (N.D. Ill.) (St. Eve, J.), at 4 (a finding of invalidity in the Delaware Case will moot CAT's infringement actions); *Leviton Mfg. Co.*, 2006 U.S. Dist. LEXIS 61944, at *5 (staying case because "if the New Mexico litigation results in a finding of non-infringement, that decision's collateral estoppel effect may very well be dispositive with respect to the present case").

[34] *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990); *see also Tegic Commc'ns Corp. v. Board of Regents of Univ. of Tex. Sys.*, 458 F.3d 1335, 1343 (Fed. Cir. 2006).

order to avoid the damaging impact of an adverse ruling against its products."[35]  The "guiding principles" of the customer suit exception are efficiency and judicial economy.[36]

While the customer suit exception to the first-to-file rule does not apply here because the Delaware Case was filed first, the reasoning underlying the exception mandates a stay.[37]  Caché and Denny's are customers for purposes of the customer suit exception because SVS provides Caché and Denny's gift cards and the processing for those gift cards.  SVS is thus the true defendant, and its suit against CAT should take precedence.  This court found as much in staying CAT's cases against SVS customers Pier 1 Imports, Inc., Costco Wholesale Corporation, and Barnes & Noble, Inc.  In those cases, the court granted motions to stay even though each case had been filed *before* the Delaware Case.  Here, the grounds for a stay are stronger because CAT filed this case over one year *after* the Delaware Case was filed.  Indeed, numerous courts have relied upon the customer suit exception in staying later-filed actions against a customer pending the outcome of an earlier-filed manufacturer's case.[38]

> **C.** **Entry of a Stay Pending the Delaware Case Will Not Unduly Prejudice or Tactically Disadvantage CAT, Entry of a Stay Will Reduce the Burden of Litigation on the Parties and on the Court, and Entry of a Stay Will Simplify the Issues in Question and Streamline Trial**

The three factors for determining whether this Court should invoke its inherent power all

---

[35] *Katz*, 909 F.2d at 1464.

[36] *Tegic Commc'ns Corp.*, 458 F.3d at 1343.

[37] *See Ultra Prods., Inc. v. Best Buy Co., Inc.*, No. 09-cv-1095, 2009 WL 2843888, at *4 (D.N.J. Sept. 1, 2009) ("While the consumer [sic] suit 'exception' to the first-filed rule evidently does not apply because the Manufacturers Case was in fact filed first, the reasoning underlying the exception supports giving this earlier litigation priority over the current action.")

[38] *See Ultra Prods., Inc.*, 2009 WL 2843888, at *5-6 (staying later-filed case against power supply resellers pending the outcome of an earlier-filed infringement action against power supply manufacturers); *Gassaway v. Business Mach. Sec.*, No. 88-cv-00869, 1988 WL 1091946, at *2 (C.D. Cal. May 3, 1988) (staying later-filed case against distributors of product pending the outcome of earlier-filed declaratory judgment action on behalf of manufacturers of same product).

favor the entry of a stay of this litigation pending the outcome of the Delaware case.

First, a stay will not prejudice or tactically disadvantage CAT.  To date, nothing of substance has occurred in this litigation.  Discovery has yet to begin, and no claim construction hearing or trial dates have been scheduled.  Moreover, as Judge St. Eve found, there is no prejudice to CAT in litigating in Delaware as CAT, like SVS, is a Delaware corporation.[39]

Second, a stay will reduce the expense and burden on the parties and on the Court.  Without the stay, CAT will have to defend the validity of its patent in two separate cases at the same time.  As Judge St. Eve concluded in the Pier 1 case, "it is less than efficient and economical to force CAT and SVS to litigate against each other in two jurisdictions when one of the pending cases has at least an even chance of resolving both lawsuits at once."[40]  In addition, a stay will save both parties and the Court the expense and burden of litigating issues regarding invalidated claims.  Absent a stay, the parties are likely to conduct unnecessarily burdensome and duplicative fact and expert discovery, and motions practice before the Court, on claims that the Delaware litigation may subsequently invalidate.

Third, entry of a stay will simplify the issues and most likely obviate the need for a trial.  The Delaware Court will determine the validity of the '859 Patent because "a plaintiff in a patent infringement action whose patent was declared invalid in a prior proceeding is collaterally estopped from relitigating the validity of that patent in a subsequent action."[41]  Therefore, a declaration by the Delaware Court that invalidates the '859 Patent will render the instant lawsuit

---

[39] Exhibit 8, Sept. 14, 2009 Order Granting Motion to Stay in *Card Activation Technologies, Inc. v. Pier 1 Imports, Inc.*, No. 1:09-cv-2021 (N.D. Ill.) (St. Eve, J.) at 5, also available at 2009 WL 2956926 at *4 (N.D. Ill. Sept. 14, 2009) ("as CAT is a Delaware corporation, litigating in Delaware will not prejudice it").

[40] Exhibit 8, Sept. 14, 2009 Order Granting Motion to Stay in *Card Activation Technologies, Inc. v. Pier 1 Imports, Inc.*, No. 1:09-cv-2021 (N.D. Ill.) (St. Eve, J.) at 4, also available at 2009 WL 2956926 at *4 (N.D. Ill. Sept. 14, 2009).

[41] *T. J. Smith & Nephew, Ltd.*, No. 86-cv-5461, 1987 WL 7496, at *2 (N. D. Ill. Feb. 27, 1987) (citing *Blonder-Tongue Labs., Inc. v. Univ. of Illinois Found.*, 402 U.S. 313 (1971)).

moot. Moreover, if this Court grants the motion to stay, then Caché and Denny's agree to be bound by any non-appealable judgment of the Delaware Court as to the validity of the '859 Patent.

Judge St. Eve's ruling in the Pier 1 case highlighted the efficiency of adjudicating invalidity in a single action in Delaware, and the inefficiency of adjudicating the same issue in multiple customer suit cases. She noted that the "Delaware outcome will either moot or greatly simplify" the customer suit cases, "thus saving valuable judicial and party resources that otherwise would have gone into litigating these cases."[42] Granting Caché and Denny's motion to stay would be prudent because it would add to the efficiency created by Judge St. Eve's ruling, namely allowing the Delaware case to resolve or simplify several lawsuits at once by adjudicating the validity of the '859 Patent.

## III. THIS COURT SHOULD EXERCISE ITS INHERENT POWER TO STAY THIS CASE PENDING THE OUTCOME OF THE REEXAMINATION OF THE '859 PATENT

As this court found in staying CAT's cases against Bebe Stores, Inc., Chico's, Inc., and Barnes & Noble, Inc. and Aeropostale, Inc., the reexamination of CAT's patent will affect issues of claim construction, claim scope, and validity. Consequently, staying this case pending the outcome of the reexamination proceedings would most likely streamline the issues, would be particularly appropriate at this stage of the litigation as it would avoid duplicative efforts, and would not prejudice CAT.

### A. Federal Circuit Authority and Authority from this Court Encourage the Granting of Stays Pending Reexamination

This Court has held that the legislative history of the *ex parte* reexamination statute "indicates Congress . . . approved of courts liberally granting stays within their discretion."[43]

---

[42] Exhibit 8, Order Granting Motion to Stay in *Card Activation Technologies, Inc. v. Pier 1 Imports, Inc.*, No. 1:09-cv-2021 (N.D. Ill.) (St. Eve, J.) at 5, also available at 2009 WL 2956926 at *4 (N.D. Ill. Sept. 14, 2009).

[43] *Ingro v. Tyco Indus, Inc.*, No. 84-cv-10844, 1985 WL 1649, at *4 (N.D. Ill. May 31, 1985) (Kocoras, J.) (granting motion to stay); *see also ASCII Corp. v. STD Entm't USA, Inc.*, 844 F.

Indeed, the Federal Circuit has stated that one of the purposes of Congress's creation of *ex parte* reexamination was to allow for the stay of a litigation pending the Patent Office's review of the patent-in-suit.[44] Thus, "if a substantial issue of patentability is raised in the reexamination matter, a stay is a viable mechanism to prevent wasted effort."[45]

### B. The Reexaminations Will Streamline the Issues and Reduce the Burden on the Parties and Court

The entry of a stay pending the outcome of the reexamination of the '859 Patent will streamline issues of claim construction and validity in this case.

As detailed above, both the '004 and '146 Reexaminations seek the reexamination of the claims that CAT will most likely assert in this case. The Patent Office has already granted the '004 request for reexamination and is overwhelmingly likely to grant the '146 request for reexamination, as 92% of all requests for *ex parte* reexamination have been granted.[46] During these reexaminations, the claims will be confirmed, amended, or cancelled. It is extremely likely that the claims will not be confirmed, as 77% of all *ex parte* reexaminations result in the amendment or cancellation of the claims.[47] Notably, in the already-concluded '459 Reexamination, CAT amended or canceled each claim under reexamination.

The reexamination process will significantly impact claim construction regardless of the outcome. If the claims asserted here are cancelled during the reexaminations, claim construction

---

Supp. 1378, 1381 (N.D. Cal. 1994) ("There is a liberal policy in favor of granting motions to stay proceedings pending the outcome of reexamination . . . proceedings").

[44] *See Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 606 (Fed. Cir. 1985) ("[t]he stay of pending litigation to enable USPTO review of contested patents was one of the specified purposes of the reexamination legislation.").

[45] *Fellowes, Inc. v. Aurora Corp.*, No. 07-cv-7237, 2009 WL 330085, at *1 (N.D. Ill. Feb. 10, 2009) (Kocoras, J.) (granting motion to stay), citing *Proctor & Gamble Co. v. Kraft Foods Global, Inc*., 549 F.3d 842, 849 (Fed. Cir. 2008).

[46] Exhibit 13, *Ex Parte* Reexamination Filing Data.

[47] *See id.* (claims are amended in 65% of all *ex parte* reexaminations, and all claims are canceled in 12% of all *ex parte* reexaminations).

will be unnecessary.  And if the claims are amended after the Court construes the claims, the claim construction process will need to be repeated.  Even if the claims are confirmed without change, which is unlikely, a stay would still be beneficial to the claim construction process because the reexamination proceedings will become part of the patent's intrinsic record and may shed light on the proper construction of disputed claim terms.[48]

The '004 and '146 Reexaminations may also greatly affect the validity issues in this case, and perhaps alleviate the need for a trial if the Patent Office cancels the asserted claims.[49] Indeed, in the '004 Reexamination, the Patent Office has already found that ten different prior art combinations raise "a substantial new question of patentability" as to the claims that CAT will assert here.[50]

Notably, this court found in CAT's cases against Bebe Stores, Inc., Chico's, Inc., and Barnes & Noble, Inc. and Aeropostale, Inc. that a stay pending reexamination would streamline the issues and reduce the burden on the court and parties.[51]

### C.    A Stay Pending the Outcome of the Reexamination is Appropriate at this Early Stage of the Case

The entry of a stay pending the outcome of the reexamination would be particularly appropriate at this early stage of the case.  This court has held that, "[i]n cases which have not progressed beyond . . . initial litigation stages, the reexamination procedure should be utilized"

---

[48] *See Watlow Elec. Mfg. Co. v. Ogden Mfg. Co.*, No. 4:05-cv-2094, 2006 U.S. Dist. LEXIS 46431, at *5 (E.D. Mo. July 10, 2006) (granting motion to stay pending reexamination).

[49] *See Arrivalstar S.S. v. Canadian Nat'l Railway Co.*, No. 08 C 1086, 2008 WL 2940807, at *2 (N.D. Ill. July 25, 2008) (Dow, J.) (stating that one purpose of reexamination procedure is to eliminate the need for a trial if claims are canceled).

[50] *See* Exhibit 4, Order Granting '004 Reexamination Request, at 5.

[51] *See* Exhibit 10, Order Granting Motion to Stay in *Card Activation Technologies, Inc. v. Bebe Stores, Inc.*, No. 1:09-cv-406 (N.D. Ill.) at 1-2; Exhibit 9, Transcript in *Card Activation Technologies, Inc. v. Chico's, Inc.*, No. 1:09-cv-3199 (N.D. Ill.) at 3; Exhibit 12, Order Granting Motion to Stay in *Card Activation Technologies, Inc. v. Barnes & Noble, Inc., et al.*, No. 1:07-cv-1230 (N.D. Ill.) at 1-2.

and the litigation stayed.[52]  In fact, "courts frequently issue stays pending reexamination when the litigation is at an early stage."[53]  This case is at just such an early stage, as nothing of substance has occurred.  Discovery has yet to begin, and no claim construction hearing or trial dates have been scheduled.  Staying the case now, before the parties and Court invest in this case, makes practical sense.  Moreover, even if issues remain to be litigated after the reexamination is completed, the cost and scope of the remaining litigation is likely to be reduced.[54]

### D.    A Stay Pending the Outcome of the Reexamination Will Not Prejudice CAT

CAT will suffer no prejudice should the Court stay this case pending the outcome of the reexamination.  CAT has invested few resources thus far in the case, which remains at the initial pleading stage.  And a stay would not financially harm CAT.  As Judge Gottschall found in staying the Bebe case, CAT's public advertisements regarding its licensing program establish that "money will adequately compensate it for whatever losses it incurs" from infringement of the '859 Patent.[55]  And a stay will not adversely affect CAT's potential monetary recovery.  The applicable damages period is not affected by a stay of litigation and, if CAT can establish

---

[52] *Emhart Indus. v. Sankyo Seiki Mfg. Co.*, No. 85 C 7565, 1987 WL 6314, at *2 (N.D. Ill. Feb. 2, 1987) (Kocoras, J.) (internal citation omitted) (granting motion to stay pending reexamination).

[53] *Baxter Int'l, Inc. v. Fresenius Med. Care Holdings, Inc.*, No. 08 C 2389, 2008 WL 4395854, at *3 (N.D. Ill. Sept. 25, 2008) (Ashman, J.) (granting motion to stay).

[54] *Arrivalstar S.S.*, 2008 WL 2940807, at *2 ("even if issues remain to be litigated after the reexaminations are completed' - as well may be the case here - 'the cost and scope of the remaining litigation are likely to be substantially reduced.'"), citing *Sun-Flex Co. v. Softview Computer Prods. Corp.*, No. 89-cv-296, 1989 WL 117976, at *1 (N.D. Ill. Sept. 27, 1989) (Weisberg, J.).

[55] Exhibit 10, Order Granting Motion to Stay in *Card Activation Technologies, Inc. v. Bebe Stores, Inc.*, No. 1:09-cv-406 (N.D. Ill.) (Gottschall, J.) at 2.

infringement, damages and interest would continue to accrue during the course of the reexamination.[56]

## CONCLUSION

Caché and Denny's respectfully request that the Court follow the lead of Judges St. Eve, Gottschall, Lefkow, and Lindberg and stay this case pending the outcome of the Delaware case and the reexamination proceedings. Such a stay would conserve the resources of the Court and the parties, and is particularly appropriate at this early stage of the case.

Respectfully submitted,

/s/ Alan M. Fisch
Alan M. Fisch
*alan.fisch@kayescholer.com*
KAYE SCHOLER LLP
The McPherson Building
901 Fifteenth Street, NW
Washington, DC 20005-2327
(202) 682-3500 telephone
(202) 682-3580 facsimile

Robert M. Spalding
*robert.spalding@kayescholer.com*
KAYE SCHOLER LLP
Three First National Plaza
70 West Madison Street, Suite 4100
Chicago, Illinois 60602-4231
(312) 583-2300 telephone
(312) 583-2360 facsimile

Dated: November 24, 2010

Attorneys for:
CACHÉ, INC.
DENNY'S CORPORATION

---

[56] *See Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 603 (Fed. Cir. 1985) (a plaintiff "may recover damages from those who have infringed" during the period of reexamination); *Arrivalstar S.S.*, 2008 WL 2940807, at *2 (N.D. Ill. July 25, 2008) ("Plaintiffs do not appear to be at risk of suffering any pecuniary prejudice, because interest will accrue in their favor if they are determined to be entitled to monetary relief.").

**CERTIFICATE OF SERVICE**


I hereby certify that the foregoing was electronically filed on November 24, 2010, with the Clerk of the Court for the District of Illinois via the CM/ECF system. This system will send notice of filing to all Counsel of Record.


<u>/s/ Alan M. Fisch</u>