# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CARD ACTIVATION TECHNOLOGIES, INC., | )
| Plaintiff, | ) 1:10-cv-4984 |
| v. | ) Honorable John W. Darrah |
| 7-ELEVEN, INC.; GIORGIO ARMANI CORPORATION; CACHE INC; DENNY'S CORPORATION; SUNGLASS HUT TRADING, LLC; and BROWN RETAIL GROUP, INC. d/b/a FAMOUS FOOTWEAR, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Card Activation Technologies, Inc., brought suit against multiple Defendants, including Cache, Inc. and Denny's Corporation, alleging patent infringement. Before this Court is Defendants Cache, Inc. and Denny's Corporation ("Movants") Motion to Stay pending a resolution of a pending case in another Federal District Court and a reexamination by the United States Patent Office ("PTO").

## BACKGROUND

Plaintiff, Card Activation Technologies ("CAT"), owns the exclusive rights to United States Patent No. 6,032,859 ("the '859 patent"). The '859 patent involves methods for processing and adding value to gift cards that are used by retailers. On August 8, 2010, Plaintiff brought this patent infringement action against multiple defendants, including the Movants.

Previously, on July 8, 2009, Stored Valued Solutions ("SVS") filed suit against CAT in the United States District Court for the District of Delaware ("the Delaware case"). SVS is a manufacturer and supplier of gift cards and gift-card processing services to retailers across the

country and is the exclusive provider of gift cards and gift-card processing services for the Movants. In the Delaware case, SVS seeks a declaratory judgment that the '859 patent is invalid. The Delaware case is scheduled to go to trial on April 18, 2011. SVS is not a party to the action before this Court.

The PTO has received four separate requests to reexamine the '859 patent. The first request resulted in the issuance of a Reexamination Certificate, where all claims under the '859 patent were found to include patentable subject matter.

The second request was filed by Movants' counsel and was terminated by the PTO for failure to present a substantial new question of patentability.

A third request was filed by Movants' counsel and serves as the basis for their Motion to Stay. This request only seeks to invalidate specific claims of the '859 patent. However, none of the claims under reexamination were raised in the Plaintiff's Complaint for the case before this court.

A fourth request, seeking to invalidate the '859 patent in its entirety, was filed by Movants' counsel. After being rejected as incomplete, Movants' counsel has filed two subsequent amended requests. The PTO has yet to grant this request.

## LEGAL STANDARD

A federal court has the power to stay a case before it until the resolution of a pending case. *Whirlpool Financial Corp. v. Metropolis Capital Corp.*, 1991 WL 212112, at *3 (N.D. Ill. Oct. 7, 1991). This ability comes from "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 255 (1936). The federal court has

2

broad discretion in exercising this authority. *Trippe Manufacturing Co. v. American Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995).

In determining whether to grant a stay, the court may consider the following factors: (1) "whether a stay will unduly prejudice or tactically disadvantage the non-moving party," (2) "whether a stay will simplify the issues in question and streamline the trial," and (3) "whether a stay will reduce the burden of litigation on the parties and on the court." *Pfizer Inc. v. Apotex Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009). A stay should not be granted if some party will be burdened as a result unless the moving party demonstrates a clear case of hardship or inequity in being required to proceed. *Landis*, 299 U.S. 248 at 255.

District courts also have the power to stay a case pending completion of a reexamination by the PTO. *eSoft, Inc. v. Blue Coat Systems, Inc.*, 505 F. Supp. 2d 784, 787 (D. Colo. 2007) (citing *Broadcast Innovation, LLC v. Charter Communication, Inc.*, 2006 WL 1897165, at *4 (D. Colo. July 11, 2006)).

## ANALYSIS

Movants are requesting that the proceedings before this Court be stayed pending (1) a resolution in the Delaware case and (2) completion of the reexamination process.

Movants argue that this case should be stayed under the First-to-File Rule, pending resolution of the Delaware case. The First-to-File Rule applies when two cases are duplicative of each other. *Pfizer*, 640 F. Supp. 2d at 1007; *see also Serlin v. Arthur Anderson and Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (A duplicative lawsuit is when "claims, parties, and available relief do not significantly differ between the two actions"). Here, the two suits in question are not duplicative. There is no identity between the parties: CAT is the only party directly involved in

the Delaware case and the action before this Court. SVS is not a party in this case; none of the Defendants are parties to the Delaware action. Thus, the First-to-File Rule does not apply.

However, a stay may still be appropriate considering the three factors set out above. First, Plaintiff will not suffer prejudice or be placed in a tactical disadvantage if a stay is granted. This case is still in the initial stages of litigation. Neither side has begun discovery, nor has a claim construction hearing been held. A trial date has not been set. As neither side has yet to begin the process of developing this case, there is no apparent prejudice or tactical disadvantage that the Plaintiff would be forced to endure if a stay were granted.

Second, a stay would simplify the issues of this case and streamline the trial. Absent a stay, CAT would be litigating the validity of the '859 patent in two different jurisdictions. Likewise, the parties would be forced to conduct duplicative discovery and litigate issues before this Court that may be invalidated by the Delaware case.

Lastly, the burden of litigation on both parties and on the Court could be alleviated if a stay is granted. By staying this case, the need for further developing this case could be limited. If SVS were to prevail in the Delaware litigation, Plaintiff may be barred from further pursuing the case before this Court. *See Abbott Labs v. Mylan Pharmaceuticals*, 37 F. Supp. 2d 1076, 1078 (N.D. Ill. 1999) (citing *Blonder-Tongue Labs., Inc. v. University of Illinois Found*, 402 U.S. 313 (1971)) (patent owner is barred from re-litigating the validity of a patent that had been found to be invalid in a prior proceeding).

Therefore, this case is stayed pending a decision in the Delaware case. It is not necessary to decide at this point whether the ongoing reexamination proceedings by the PTO require a stay.

## CONCLUSION

Movants' request to stay this case until a resolution in the Delaware case is granted.

Dated: 2-10-11

JOHN W. DARRAH
United States District Court Judge